** Summary **
STATE BUREAU OF INVESTIGATION — RETAINING DATA ON EXPUNGED RECORDS The State Bureau of Investigation may retain investigative data relating to an individual whose verdict or plea of guilty has been expunged from the record in separate files not to be disseminated by the agency. The Attorney General has considered your request for an opinion wherein you ask, in effect, the following question: Must the State Bureau of Investigation upon receiving an order expunging the record of conviction of a particular individual destroy all records and investigative data relating to the individual or may all investigative data other than the record of arrest or conviction be retained in separate files not to be disseminated by the agency? Title 22 O.S. 991 [22-991](c) (1972) outlines the procedure for the deferring of judgments and sentences in certain cases. Section 991(c) provides in part: ". . . Upon completion of the probation term which probation term under this procedure shall not exceed two (2) years, the defendant shall be discharged without a court judgment of guilt, and the verdict or plea of guilty shall be expunged from the record and said charge shall be dismissed with prejudice to any further action . . ." (Emphasis added) Title 63 O.S. 2-410 [63-2-410] (1972) provides in part: "Any expunged arrest or conviction shall not thereafter be regarded as an arrest or conviction for purposes of employment, civil rights, or any statute, regulation, license, questionnaire or any other public or private purpose; provided, that, any such plea of guilty or finding of guilt shall constitute a conviction of the offense for the purpose of this act or any other criminal statute under which the existence of a prior conviction is relevant." A reading of the above sections clearly indicates the intent of the Legislature to protect a defendant who has satisfied the conditions of probation from the stigma of a conviction. Under the language of Section 22 O.S. 991 [22-991](c), supra, the defendant upon satisfactory completion of the probation term is entitled to have the verdict or plea of guilty expunged from the record and to have the charge dismissed with prejudice. The result of the expungement of the record should be that a search of all public records would not reveal any record of a particular individual's plea of guilty or verdict of guilt. The statutes are silent as to fingerprint impressions, measurements, photographs, or other investigative information in the files of the State Bureau of Investigation. Accordingly, an order of expungement from the district court extends only to the verdict or plea of guilty and not to the investigative files of the Bureau. From a practical standpoint, and in order to effectuate the intent of the Legislature, it is recommended that any record maintained by the Bureau relating to a verdict of guilt or a plea of guilty which has been expunged be kept in a separate file not to be disseminated by the agency except by order of a district court or court of competent jurisdiction. The end result should be that any inquiry made to the Bureau as to the conviction of an individual whose record has been expunged would be met with a negative response by the Bureau. The stigma of a conviction, to the extent that it might inhibit a person's opportunity for employment, etc., would be thus removed. At the same time, valuable investigative data would be retained by the agency for use in future criminal investigations. The destruction of such information, such as that relating to specific details of the crime which might, for instance, reflect a modus operandi, could very well unnecessarily hamper the law enforcement effort. As long as the defendant whose record has been expunged is protected, he cannot complain that investigative data relating to the offense is retained. It is therefore the opinion of the Attorney General that the State Bureau of Investigation may retain investigative data relating to an individual whose verdict or plea of guilty has been expunged from the record. Information relating to the charge including fingerprint impressions, and other investigative information should be retained in separate files not to be disseminated by the agency except upon court order. (Michael Cauthron)